# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAYTON FAGGIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4624** |
| **WALLACE C. DRENNAN, INC. ET AL.** | **SECTION "C"(2)** |

## ORDER AND REASONS

Plaintiff, Clayton Faggin, is a prisoner currently incarcerated in the Catahoula Correctional Center. He is a frequent filer of frivolous lawsuits in this court.

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Wallace C. Drennan, Inc. and Dr. Donald Faust, alleging negligence, unethical treatment and discrimination in conjunction with a work-related injury and medical treatment rendered in 2007. Plaintiff seeks monetary compensation. (Rec. Doc. No. 1, Complaint, p. 5).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1 E(b)(1) and Title 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Contrary to plaintiff's patently false assertion in his complaint that he has not filed any prior federal lawsuits that have been dismissed as frivolous, malicious or for failure to state a claim for which relief can be granted (Complaint, p. 2), the court's records establish that at least **ten** of his prior civil complaints, filed while he was incarcerated, were dismissed as frivolous, malicious, and/or for failure to state a claim. These include the following: Faggin v. Foti, Civil Action No. 89-3758 "D"(2) (E.D. La. 1989); Faggin v. Foti, Civil Action No. 90-0100 "G"(4) (E.D. La. 1990); Faggin v. Criminal District Court Clerk's Office, Civil Action No. 90-2491 "J"(6) (E.D. La. 1990); Faggin v. Criminal District Court, Civil Action No. 90-4231 "G"(5) (E.D. La. 1991); Hill v. Foti, Civil Action No. 91-0506 "C"(5) (E.D. La. 1991) (33 plaintiffs); Faggin v. Foti, Civil Action No. 91-1041 "D"(3) (E.D. La. 1991); Faggin v. Foti, Civil Action No. 92-0494 "M"(4) (E.D. La. 1992); Faggin v. Foti, Civil Action No. 92-0956 "H"(5) (E.D. La. 1992); Faggin v. Foti, Civil Action No. 95-1428 "G"(1) (E.D. La. 1995); Faggin v. Foti, Civil Action No. 95-2734 "N"(1) (E.D. La. 1996).

Plaintiff has not alleged imminent danger to his physical safety. Consequently, he is not entitled to proceed as a pauper pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

**IT IS ORDERED** that Clayton Faggin's motion to proceed in forma pauperis is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ___4th___ day of August, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE